IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:07cr37-MHT |
| JIMMY LEE RUSH | ) | |

ORDER

This case is now before the court on defendant Jimmy Lee Rush's motion to continue trial. In light of the fact that the government has no objections to the continuance motion and for the reasons set forth below, the court concludes that the continuance motion should be granted.

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir.), cert. denied, 479 U.S. 823 (1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a

> defendant charged in an ... indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  In granting such a continuance, the court may consider, among other factors, any "period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct."  18 U.S.C. § 3161(h)(2).

The court concludes that, in this case, a continuance is necessary.  Rush's application for pretrial diversion, which could result in the deferral or diversion of his

prosecution, is currently pending. Thus, the ends of justice served by granting a continuance outweigh the interest of the public and Rush in a speedy trial.

Accordingly, it is ORDERED as follows:

(1) Defendant Jimmy Lee Rush's unopposed motion to continue (Doc. No. 23) is granted.

(2) Defendant Rush's trial and jury selection are continued to the criminal term of court commencing December 10, 2007.

DONE, this the 28th day of August, 2007.

                                         /s/ Myron H. Thompson
                                       UNITED STATES DISTRICT JUDGE